

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Coley v. Iwaugwu

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3707

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Coley v. Iwaugwu" (2008). *2008 Decisions.* Paper 91.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/91

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3707
_____

LEROY COLEY,
                           Appellant

vs.

CHARLESTON IWAUGWU, Health Services Administrator; HAROLD SLEVIN, M.D.;
PRADIP PATEL, M.D., Clinical Director; TUSHAR PATEL, Assistant Health Services
Administrator; JOHN NASH, Warden (Retired); CHARLES E. SAMUELS, JR., Warden;
DURR, Lieutenant, USPHS, Assistant Health Services Administrator


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-03762)
District Judge:  Honorable Noel L. Hillman
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2008
Before: SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges

Opinion filed: December 17, 2008
_____

OPINION
_____

1

PER CURIAM.

Leroy Coley appeals pro se from the District Court's order refusing to reconsider the dismissal of his complaint. For the following reasons, we will affirm.

I.

Coley, at all relevant times a federal prisoner, filed a complaint in August 2005 against certain Bureau of Prisons personnel accusing them of providing inadequate medical care in violation of the Eight Amendment. In particular, Coley alleges that defendants were indifferent to a branchial cyst on the right side of his neck, which he first complained about in January 2001. Coley's complaint and exhibits describe a continuing course of treatment of the cyst over the next five and one-half years. That course of treatment included some 31 visits with medical professionals, who provided, among other things, medication, aspiration, laboratory tests, referrals to outside doctors, chest x-rays, an MRI, a needle biopsy/laryngoscopy and ultrasound. Nevertheless, Coley alleges that this treatment was inadequate because he experienced certain delays and because the cyst had yet to be removed as a specialist had recommended.

The defendants filed a motion to dismiss or, in the alternative, for summary judgment. Defendants noted that Coley's cyst ultimately had been removed in January 2007. The District Court granted defendants' motion by order entered August 8, 2007,

and later denied Coley's timely motion for reconsideration.  Coley appeals.[1]

## II.

The District Court properly construed Coley's complaint to assert an Eighth Amendment claim under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), but concluded that he had failed to state a claim.  We agree.[2]  Prisoners asserting an Eighth Amendment claim for inadequate medical care must allege (1) deliberate indifference (2) to a serious medical need.  <u>See</u> <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).  The District Court assumed, as will we, that Coley's cyst presented a serious medical need.  Thus, the only issue is whether he stated a claim that defendants were indifferent to that need.  We agree that he did not.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  The District Court discussed both the standards for dismissal under Rule 12(b)(6) and for motions for summary judgment, but did not specify the basis for its ruling.  With the exception of a stray reference to the January 2007 removal of Coley's cyst (which he acknowledged below and does not dispute), the District Court's discussion relies solely on the allegations of Coley's complaint and the supporting exhibits attached thereto.  We will therefore treat the District Court's dismissal of the complaint as one under Rule 12(b)(6).  We review <u>de novo</u> both dismissals under Rule 12(b)(6), <u>see</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008), and denials of reconsideration based on issues of law, <u>see</u> <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 673 (3d Cir. 1999).  Under Rule 12(b)(6), we must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  <u>Phillips</u>, 515 F.3d at 233 (citation omitted).

[2] The District Court also concluded that Coley failed to allege each defendant's specific personal involvement, that defendant Durr is immune from suit, and that the remaining defendants are entitled to qualified immunity.  In light of our disposition, we need not reach these issues.

A prison official acts with deliberate indifference to a prisoner's medical needs only if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "We have found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. We also have found 'deliberate indifference' to exist where the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" Rouse, 182 F.3d at 197 (citations omitted).

In this case, we agree that Coley's allegations do not raise an inference that any of the defendants acted with deliberate indifference. To the contrary, those allegations reveal that defendants have provided Coley with a regular and recurring course of treatment. He may not always have received treatment as quickly as he would have liked, but he has alleged nothing suggesting that any delays in treatment were the result of deliberate indifference to his medical needs. We have construed Coley's pro se complaint liberally, but none of his allegations "'raise[s] a right to relief above the

4

speculative level,'" <u>Phillips</u>, 515 F.3d at 234 (citation omitted).  Accordingly, we will

affirm.[3]

_____

[3] District courts ordinarily must provide an opportunity to amend before dismissing a
complaint unless amendment would be inequitable or futile.  <u>See</u> <u>Phillips</u>, 515 F.3d at
236.  The District Court neither gave Coley leave to amend nor discussed its reasons for
not doing so.  Given the course of treatment that Coley describes, however, it is clear to
us that any amendment would have been futile.  Our conclusion is confirmed by an
amended complaint that Coley in fact submitted to the District Court (apparently just days
before its ruling), which still fails to allege anything raising an inference that defendants
acted with deliberate indifference.